1  OKORIE OKOROCHA (226658)
   Nationally Board-Certified Civil Trial Lawyer
2  **THE OKOROCHA FIRM**
   **117 E. Colorado Blvd., Suite 465**
3  **Pasadena, CA 91105**
   **Telephone: (310) 497-0321**
4
   Attorneys for Plaintiff LUCERO GALLARDO
5

6                    **UNITED STATES DISTRICT COURT**

7            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8
   LUCERO GALLARDO, A.K.A.                    **CASE NO.:**
9  ESMARELDA CERVANTES, an
   individual,
10                                            **COMPLAINT FOR DAMAGES:**
11                 Plaintiff,

12         v.                                 1. **HARASSMENT IN**
                                                 **VIOLATION IN FEHA AND**
13 LINDA'S BAKERY, a business entity            **TITLE VII OF THE CIVIL**
   form unknown; LINDA'S BAKERY AND            **RIGHTS ACT OF 1964;**
14 GROCERIES, a business entity form
   unknown; ALEJANDRO GARCIA, an             2. **DISCRIMINATION IN**
15 individual, MARTA PATRICIA RAMOS             **VIOLATION OF FEHA**
   an individual, and Does 1 thru 100,         **TITLE VII OF THE CIVIL**
16 inclusive,                                   **RIGHTS ACT OF 1964;**

17                 Defendants.                3. **RETALIATION IN**
                                                 **VIOLATION OF FEHA**
18                                               **TITLE VII OF THE CIVIL**
                                                 **RIGHTS ACT OF 1964;**
19
                                             4. **FAILURE TO PREVENT**
20                                              **HARASSMENT,**
                                                **DISCRIMINATION, AND**
21                                              **RETALIATION; TITLE VII**
                                                **OF THE CIVIL RIGHTS**
22                                              **ACT OF 1964**

23                                           5. **SEXUAL BATTERY;**

24
                                             6. **CONSTRUCTIVE**
25                                              **TORTUOUS**
                                                **TERMINATION IN**
26                                              **VIOLATION OF PUBLIC**
                                                **POLICY;**
27
                                             7. **INTENTIONAL**
28                                              **INFLICTION OF**

                              - 1 -

1

2

3

4

5

6

7

8

**EMOTIONAL DISTRESS; AND**

8. **FAILURE TO PROVIDE PROPER MEAL AND REST PERIODS IN VIOLATION OF LABOR CODE §§226.7 AND 512 AND WAGE ORDER NO. 4.**

**DEMAND FOR JURY TRIAL**

9

10

Plaintiff LUCERO GALLARDO A.K.A. ESMERALDA CERVANTES alleges as follows:

11

### GENERAL ALLEGATIONS

12

13

14

15

16

17

18

19

20

21

22

23

1.   Plaintiff LUCERO GALLARDO A.K.A. ESMERALDA CERVANTES ("GALLARDO") is an individual who at all times pertinent to this lawsuit was a resident of the County of Contra Costa, State of California. GALLARDO is entitled to the protections of the Fair Employment and Housing Act ("FEHA") because she is a female, was sexually harassed and sexually battered, and was retaliated against for protesting the sexual harassment.  GALLARDO has also complied with the FEDERAL right-to-sue process,  for torts including but NOT limited to Sexual Harassment and employment discrimination that violates **Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, (ADEA),** and the Americans with Disabilities Act of 1990, (ADA). All causes of action for discrimination, retaliation, hostile work environment, sexual harassment, discrimination of all said kind are raised as both federal and state claims.

24

25

26

27

28

2.   Plaintiff is informed and believes, and thereon alleges, that the Defendants (1) LINDA'S BAKERY, a business entity form unknown, and (2) LINDA'S BAKERY AND GROCERIES, also a  business entity form unknown (both hereinafter collectively referred to as "**LINDA**") are business entities, exact form unknown, who

**COMPLAINT FOR DAMAGES**

conduct business as LINDA'S BAKERY at 3431 Macdonald Ave, Richmond, CA 94805 and as LINDA'S BAKERY AND GROCERIES located at 436 Carlson Blvd, Richmond, CA 94804, both of said entities which deal in bakery goods and groceries.

3.   Plaintiff is informed and believes, and thereon alleges, that the Defendant **ALEJANDRO GARCIA**, is an individual, who is an **owner, managing agent, proxy, supervisor, principal and decision-maker** for both **LINDA'S BAKERY**, a business entity form unknown, and  **LINDA'S BAKERY AND GROCERIES**, also a  business entity form unknown (both hereinafter collectively referred to as "**LINDA**").

4.   Plaintiff was at all times employed by the Defendants **MARTA PATRICIA RAMO**S, is an individual, who is an **owner, managing agent, proxy, supervisor, principal and decision-maker** for both **LINDA'S BAKERY**, a business entity form unknown, and **LINDA'S BAKERY AND GROCERIES,** also a business entity form unknown (both **LINDA'S** entities hereinafter collectively referred to as "**LINDA**").

5.   Defendants Does 1 through 100 are sued under fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff is informed and believes, and on that basis alleges, that each defendant sued under such fictitious names is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning as an agent, servant, manager, supervisor, managing agent, proxy, principal and/or employee(s) of **LINDA**, and in doing the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, manager, supervisor, proxy, principal managing agent and/or employee of **LINDA**.

6.   **LINDA** are California employers who employ more than five people, and are accordingly subject to the provisions of FEHA.

**COMPLAINT FOR DAMAGES**

7.  Plaintiff was employed by the **LINDA** at the both of **LINDA** locations at the addresses listed above [3431 Macdonald Ave, Richmond, CA 94805 and at 436 Carlson Blvd, Richmond, CA 94804].

8.  Plaintiff was hired by **LINDA** and each of them as a customer service and payroll employee on July 29, 2021, until she was forced to quit and/or was constructive terminated due to relentless sexual harassment, sexual assaults, sexual batteries and wage and hour violations, just to name a few, on February 4, 2022,

9.  Throughout her employment, virtually every day she worked, she was subjected to having her genitals grabbed and touched by **ALEJANDRO GARCIA,** who also relentlessly requested and pressured Plaintiff to have an affair with him to which she emphatically declined without fail.  All  of **ALEJANDRO GARCIA**'s conduct towards GALLARDO as described above and below, was unconsented to. **ALEJANDRO GARCIA** also would try to forcibly kiss Plaintiff, as well as to touch her rear-end, which he did follow through with relentlessly. Throughout her employment.  **ALEJANDRO GARCIA** would also pull Plaintiff's body close to his and press her breasts against his body.  He also would rub his body on her breasts many times.  **ALEJANDRO GARCIA** would constantly and relentlessly ask Plaintiff about her sexual fantasies and make a lot of sexually based commentary, situations, and innuendo.

10. Plaintiff had no one to report the sexual harassment to as **ALEJANDRO GARCIA** was an owner of **LINDA**.

11. The allegations above were **NEVER** investigated as required by law and **LINDA** ratified the conduct of owner **ALEJANDRO GARCIA** as he still maintains his position.

12. **ALEJANDRO GARCIA** would also constantly stare at Plaintiff was not subtle, and overtly staring at her breasts, genitals and buttocks. This behavior as well as the other **ALEJANDRO GARCIA** sexual harassment and misconduct described

- 4 -

**COMPLAINT FOR DAMAGES**

herein occurred once in some fashion every time Plaintiff would have to work with **ALEJANDRO GARCIA**. If **ALEJANDRO GARCIA** was at the same job location as Plaintiff, the described conduct occurred in some fashion daily.

13. Plaintiff was retaliated against for rebuffing **ALEJANDRO GARCIA's** sexual advances by demoting her from her position doing payroll and customer service to janitorial duties and work requiring heavy lifting.

14. Plaintiff was his been seriously distressed, anxious and depressed as a result of the harassment and retaliation and will seek medical attention in the future.

15. As a result of this conduct Plaintiff was constructively terminated.

16. The **LINDA** defendants are liable for the tortious conduct of the Defendant **ALEJANDRO GARCIA**, **because he was acting within the course and scope of his employment, or alternatively, acting as managing agent, manager, owner, supervisor, owner and was principal** of the **LINDA** businesses. **LINDA** Defendants ratified the tortious conduct by failing to take adequate remedial measures against **ALEJANDRO GARCIA**.

17. The **LINDA** Defendants are jointly and severally liable for all FEHA violations and torts as joint or dual employers of Plaintiff as Plaintiff worked at BOTH **LINDA** locations.

18. Plaintiff is attaching proof of duly and timely exhausting her Administrative Remedies against all Defendants by filing charges with the DFEH and receiving Right to Sue Notices.

<u>**FIRST CAUSE OF ACTION**</u>
<u>**FOR HARASSMENT (HOSTILE WORK ENVIRONMENT) IN VIOLATION OF FEHA (GOVERNMENT CODE § 12940(J)) AND FOR VIOLATIONS OF, INCLUDING BUT NOT LIMITED TO SEXUAL HARASSMENT AND EMPLOYMENT DISCRIMINATION THAT VIOLATES TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE AGE DISCRIMINATION IN**</u>

**COMPLAINT FOR DAMAGES**

**<u>EMPLOYMENT ACT OF 1967, (ADEA), AND THE AMERICANS WITH</u>**
**<u>DISABILITIES ACT OF 1990, (ADA).</u>**
**<u>(BY PLAINTIFF AGAINST ALL DEFENDANTS)</u>**

19. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 18, inclusive above.

20. Plaintiff was harassed and subjected to a hostile work environment based on her sex.

21. This harassment included but was not limited to: being sexually assaulted well over 20 times/occasions/days, having her genitals grabbed and fondled well over 20 times well over 20 times/occasions/days, having her breasts and buttocks fondled well over 20 times/occasions/days, and was subjected to sexual commentary and requests for sex by **ALEJANDRO GARCIA** every time she worked with him, and also touched her vagina and rear-end well over 20 times/occasions/days during her employment. This does not include the tens of times he rubbed her breasts and pulling her breasts against his body forcibly. It is worth noting that **ALEJANDRO GARCIA** relentless repeatedly tried to forcibly kiss the Plaintiff and this happened very frequently.

22. The foregoing conduct was unconsented to, was based on Plaintiff's sex and created an intimidating and hostile work environment.

23. Such conduct constitutes illegal harassment in violation of Government Code § 12940(j) and other provisions of FEHA.

24. The **LINDA defendants and all other defendants**, and each of them, are liable for the harassment by Defendant **ALEJANDRO GARCIA** because they were aware of the illegal harassment by the **ALEJANDRO GARCIA** and failed to take immediate and appropriate corrective action and failed to take adequate remedial measures to stop the harassment.

25. The Defendant **ALEJANDRO GARCIA** is also independently liable for his

**COMPLAINT FOR DAMAGES**

own conduct.

26.  The **LINDA** Defendants and all other Defendants and entities, are jointly and severally liable for as joint employers.

27.  As a proximate result of the said harassment as afore pled, Plaintiff suffered general damages, including emotional distress damages in an amount in excess of the minimum jurisdiction of this court and according to proof.

28.  As a further and proximate result of the harassment as afore pled, each Plaintiff will require medical attention, and will need medical attention in the future, all to Plaintiff's damages in a sum according to proof.

29.  As a further proximate result of this harassment as afore pled, the Plaintiff lost employment benefits, including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

30.  As a further proximate result of this harassment as afore pled, each Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees according to proof.

31.  The afore pled conduct of the **ALEJANDRO GARCIA** and the **LINDA** Defendants and all other Defendants constitutes oppression, fraud, and malice thereby entitling Plaintiffs to an award of punitive damages.  Plaintiff is informed and believe, and thereon allege, that the **LINDA** defendant's and other all other defendants had advanced knowledge of the unfitness of Defendant **ALEJANDRO GARCIA**, but employed him nonetheless with a conscious disregard of the rights and safety of the Plaintiff and others, or ratified or authorized the said conduct. Plaintiff is further informed and believe, and thereon allege, that this advance knowledge, or act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of the LINDA defendants.

## SECOND CAUSE OF ACTION

**COMPLAINT FOR DAMAGES**

## DISCRIMINATION IN VIOLATION OF FEHA (GOVERNMENT CODE 12940(a))

### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

32.  Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.  At all times relevant, Plaintiff is a female and is accordingly entitled to the protections of the FEHA and **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.**

34.  Government Code §12940(a) precludes an employer from discriminating against an employee based on their sex.

35.  Plaintiff was discriminated against based on her sex by being subjected to relentless sexual harassment and assaults, all of which are detailed above, and being retaliated against by being forced from her position in customer service and payroll to janitorial duties and work requiring heavy lifting

36.  The **LINDA** Defendants are jointly and severally liable for as joint employers and all other defendants are equally liable..

37.  As a proximate result of the said discrimination, Plaintiff has suffered mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of this court and according to proof.

38.  As a further proximate result of said discrimination as afore pled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

39.  As a further proximate result of the discrimination as afore pled, Plaintiff was required to and did retain attorneys, and is accordingly entitled to an award of attorney's fees according to proof.

40.  As a further proximate result of said discrimination, Plaintiff will continue to

incur medical expenses in amount according to proof at the time of trial.

41.  The afore pled conduct of the **LINDA** Defendants constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages. Plaintiff is further informed and believe, and thereon allege, that this act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of the **LINDA** Defendants.

## THIRD CAUSE OF ACTION
## RETALIATION – *GOVERNMENT CODE § 12940(H)*
## (BY PLAINTIFF AGAINST ALL DEFENDANTS EXCEPT ALEJANDRO GARCIA)

42.  Plaintiff re-alleges and incorporates paragraphs 1 through 41 of this complaint as if fully set forth herein.

43.   Plaintiff was subjected to illegal harassment and discrimination, all as afore pled. Government Code §12940(h) precludes an employer from retaliating, or taking adverse employment actions against, an employee who protests violations of the FEHA.  This harassment also violated **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964.**

44.  Because Plaintiff resisted the sexual harassment, sexual batteries, sexual assaults and sexual conduct and commentary of **ALEJANDRO GARCIA,** she was demoted from payroll/customer service to janitorial duties and jobs requiring heavy lifting.

45.  The **LINDA** Defendants are jointly and severally liable for as joint employers.

46.  The LINDA defendants' conduct legally and directly caused Plaintiff to suffer general damages including emotional distress in excess of the minimum jurisdiction of this Court subject to proof at the time of trial.

47.  The afore pled conduct caused Plaintiff to lose wages and fringe benefits in an amount according to proof.

48.  The afore pled conduct caused and/or will cause Plaintiff to incur medical expenses in the future according to proof.

49.  The retaliatory conduct required Plaintiff to retain attorneys and Plaintiff is accordingly entitled to an award of attorney's fees according to proof.

50.  The afore pled conduct of the LINDA defendants and all defendants constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is further informed and believe, and thereon allege, that this act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of the LINDA defendants.

## FOURTH CAUSE OF ACTION
## FAILURE TO TAKE REASONABLE STEPS TO PREVENT DISCRIMINATION, HARASSMENT AND RETALIATION FROM OCCURRING PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE FAIR EMPLOYMENT AND HOUSING ACT
## (BY PLAINTIFF AGAINST ALL DEFENDANTS)

51. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in the above paragraphs 1 through 50, inclusive.

52. Plaintiff is informed and believes, and thereon alleges, that the LINDA defendants failed to take all steps reasonably necessary to prevent discrimination, harassment, and retaliation from occurring.  Such conduct violates Government Code §12940(k).

53. Such violation of FEHA and **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,** caused Plaintiff to be harassed, discriminated against, and retaliated against, all as afore pled.

54. The LINDA defendants' conduct legally and directly caused Plaintiff to suffer general damages of, among other things, emotional distress in excess of the minimum jurisdiction of this Court subject to proof at the time of trial.

**COMPLAINT FOR DAMAGES**

55. The afore pled conduct caused Plaintiff to lose wages and fringe benefits in an amount according to proof.

56. The afore pled conduct caused Plaintiff to incur medical expenses in the future according to proof.

57. The conduct required Plaintiff to retain attorneys and each Plaintiff is accordingly entitled to an award of attorney's fees according to proof.

58. The afore pled conduct of the LINDA defendants and all other Defendants constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is further informed and believe, and thereon allege, that this act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of the LINDA defendants.

## FIFTH CAUSE OF ACTION
## SEXUAL BATTERY
## (BY PLAINTIFF AGAINST ALEJANDRO)

59. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 58, inclusive above.

60. In violation of Civil Code section 1708.5, the Defendant **ALEJANDRO GARCIA** intentionally, repeatedly and relentlessly caused many offensive contacts with Plaintiffs vagina, breasts, buttocks and genitals.

61. **ALEJANDRO GARCIA** is liable for his own tortuous conduct.

62. All named parties and DOES 1-100 are liable for the conduct of the Defendant **ALEJANDRO GARCIA** because he was at all times relevant acting within the course and scope of his agency and employment, and pursuant to the doctrine of respondeat superior. **LINDA** entities are responsible for the conduct of the Defendant **ALEJANDRO GARCIA** because said Defendants ratified **ALEJANDRO GARCIA**'s conduct after being made aware of the same.

63.  The **LINDA** Defendants are jointly and severally liable as joint employers.

64. As a proximate result of the said conduct, Plaintiff has suffered mental anguish and emotional suffering past and future in an amount in excess of the minimum jurisdiction of this Court and according to proof.

65. As a further and proximate result of the said conduct, Plaintiff will require medical in the future, all to Plaintiff's damages in a sum according to proof

66. The afore pled conduct of the **ALEJANDRO GARCIA** constitutes oppression, fraud, and malice thereby entitling Plaintiffs to an award of punitive damages.  Plaintiff is informed and believes, and thereon alleges, that the LINDA defendants had advanced knowledge of the unfitness of Defendant **ALEJANDRO GARCIA** and but employed him nonetheless with a conscious disregard of the rights and safety of the Plaintiff and others, or ratified or authorized the said conduct. Plaintiff is further informed and believe, and thereon allege, that this advance knowledge, or act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of the **LINDA** defendants.

### SIXTH CAUSE OF ACTION
### CONSTRUCTIVE TORTUOUS TERMINATION IN VIOLATION OF PUBLIC POLICY
### (BY PLAINTIFF AGAINST ALL DEFENDANTS)

67. Plaintiff incorporates by reference, as though set forth in full herein, each and every allegation contained in Paragraphs 1 through 66, inclusive.

68. It is the Public Policy of the State of California, as expressed in the Fair Employment and Housing Act that an employer cannot harass or discriminate against an employee based on their sex.

69. It is the Public Policy of the State of California, as expressed in the Fair Employment and Housing Act that an employer may not retaliate against an employee for protesting violations of the FEHA

70.  These public policies were valid, fundamental, protected the public, and were binding on the LINDA defendants.

71. The LINDA defendants repeatedly harassed Plaintiff in violation of the FEHA all as afore pled. The LINDA defendants repeatedly discriminated against Plaintiff in violation of the FEHA all as afore pled. The **LINDA** defendants repeatedly retaliated against Plaintiff in violation of the FEHA all as afore pled for protesting violations of the FEHA.

72. The LINDA defendants, by the acts and conduct set forth above, either intentionally created or knowingly permitted working conditions that were so intolerable that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign.  These conditions violated both FEHA and the Public Policy of California, all as afore pled.

73. As a proximate result of these intolerable working conditions, Plaintiff was in fact compelled to resign and was thereby constructively terminated.  Plaintiff is informed and believes, and thereon alleges, that at all times relevant the **LINDA** defendants had actual knowledge of these intolerable working conditions.

74. The Defendants LINDA defendants are jointly and severally liable as joint employers

75. As a proximate result Plaintiff suffered emotional distress damages according to proof.

76. As a further proximate result Plaintiff lost employment benefits, including wages and fringe benefits, in an amount in excess of the minimum jurisdiction of the court and according to proof.

77. As a further proximate result Plaintiff has needed and will seek medical attention, and will incur medical expenses, past and future, to her damage according to proof.

78. The afore pled conduct of the **LINDA** defendants constitutes oppression, fraud, and malice thereby entitling Plaintiff to an award of punitive damages.

**COMPLAINT FOR DAMAGES**

Plaintiff is further informed and believe, and thereon allege, that this act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent, proxy, manager, supervisor or owner acting on behalf of the LINDA defendants.

//

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANTS

79. Plaintiff incorporates by reference the factual allegations set forth in the preceding 78 paragraphs.

80. The afore pled conduct by **ALEJANDRO GARCIA** was extreme and outrageous conduct beyond all bounds of human decency.

81. **ALEJANDRO GARCIA** either intended to cause or acted in reckless disregard of the probability of causing Plaintiff extreme emotional distress.

82. The LINDA defendants are liable for the conduct of **ALEJANDRO GARCIA**, because he was at all times relevant acting within the course and scope of his agency, ownership, managing agent capacity, proxy, supervisor and employment and pursuant to the doctrine of respondeat superior. Alternatively, the **LINDA** defendants and **ALEJANDRO GARCIA** himself are liable for the conduct of **ALEJANDRO GARCIA**, because they ratified the said conduct as set forth above.

83. The afore pled conduct by the LINDA defendants in discriminating against and retaliating against Plaintiff was extreme and outrageous conduct beyond all bounds of human decency.

84. At all relevant times, all Defendants had actual or constructive knowledge of extreme and outrageous conduct described herein, and condoned, ratified and participated in such extreme and outrageous acts.

85. As a proximate result of all Defendants' extreme and outrageous conduct, Plaintiff in fact experienced severe emotional distress.

86. All defendants acted with a conscious disregard of the result or outcome of their extreme and outrageous conduct. Subjecting Plaintiff to the conduct described above was extreme and outrageous conduct by the Defendants.

87. Through the outrageous conduct described above, Defendants, and each of them, acted with the intent to cause, and with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress.

88. The **LINDA** Defendants are jointly and severally liable as joint employers.

89. The afore pled conduct of the Defendant **ALEJANDRO GARCIA** and the **LINDA** defendants constitutes oppression, fraud, and malice thereby entitling Plaintiffs to an award of punitive damages. Plaintiffs are informed and believe, and thereon allege, that the LINDA defendants had advanced knowledge of the unfitness of Defendant **ALEJANDRO GARCIA** and but employed him nonetheless with a conscious disregard of the rights and safety of the Plaintiff and others, or ratified or authorized the said conduct. Plaintiffs are further informed and believe, and thereon allege, that this advance knowledge, or act of oppression, fraud, or malice or act of, ratification or authorization were on the part of a managing agent or owner acting on behalf of the **LINDA** defendants.

**EIGHTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE PROPER MEAL AND REST PERIODS IN VIOLATION OF LABOR CODE §§226.7 AND 512 AND WAGE ORDER NO. 4**

**AGAINST ALL DEFENDANTS**

90.     Plaintiff incorporates herein by reference paragraphs 1 through 89, inclusive of this complaint as though fully set forth at this point.

91.     No employer shall employ any person for a work period of more than 5 hours without a meal period of not less than 30 minutes. (Wage Order section 11(A).)

92.     If an employer fails to provide an employee with a proper meal period, the

employer shall pay the employee 1 hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. (Labor Code §226.7(b) and Wage Order section 11(B).)

93.     Plaintiff is informed and believes and thereon alleges that she did not receive a 30 minute uninterrupted meal period during the first 5 hours of work during each work day.

94.     As a result, Defendants must pay her 1 hour of pay at her regular rate of compensation for each day.

95.     Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of 10 minutes net rest time per 4 hours or major fraction thereof. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. (Wage Order section 12(A).

96.     If an employer fails to provide an employee a proper rest period, the employer shall pay the employee 1 hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. (Labor Code §226.7(b) and Wage Order section 12(B).

97.     Plaintiff is informed and believes and thereon alleges that she was not authorized or permitted to take a 10 minute rest period every 4 hours of work.

98.     As a result, Defendants must pay her 1 hour of pay at her regular rate of compensation for each day.

99.     These violations took place 5 days a week that the plaintiff worked from July 29, 2021 to February 4, 2022, when she was forced to quit for reasons discussed herein.

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For damages for lost employment income and benefits, past and future, according to proof;

2. For general damages for pain and suffering according to proof;

3. For damages for any past and future medical expenses according to proof;

4. For attorney's fees according to proof except on the final cause of action;

5. For costs of suit incurred herein;

6. For punitive damages; and

7. For such other and further relief as the court deems just and proper.

Dated:  May 21, 2022                              THE OKOROCHA FIRM

*Okorie Okorocha*

By _____

**OKORIE OKOROCHA, ESQ.**
Attorney for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury.

Dated:  July 28, 2022                              THE OKOROCHA FIRM

*Okorie Okorocha*

By _____

**OKORIE OKOROCHA, ESQ.**
Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**